LOTTINGER, Judge.
On October 15, 1958 Luther C. Carpenter, his employer, Lamb Rental Tools, Inc., and the latter’s compensation insurer, Travelers Insurance Company, presented a joint petition to the Lower Court seeking judicial approval of a compensation compromise arising out of an accident which Carpenter sustained on September 7, 1957 while working on East Calcasieu Lake. It was alleged that Carpenter had been paid compensation at the .rate of $35 per week for 55 weeks, or a total of $1,925 and, in addition, that the insurer had paid $1,583.13 in medical expenses. After detailing the alleged disputes which existed between the parties the petition went on to recite that they had agreed to settle their differences upon the payment of $5,500 in a lump sum over and above the benefits previously received by Carpenter. An attorney was duly appointed by the Court to represent Carpenter. He filed an appearance concurring in the prayer of the petition and, on the same day, judgment was rendered as prayed for.
On October 20, 1958, Carpenter filed a motion with the Lower Court seeking a .rehearing in order that the judgment and settlement entered into pursuant thereto could be set aside and annulled. It was alleged therein that prior to October 15, 1958 Carpenter was unaware of the possible application of such Federal statutes as the Jones Act, 46 U.S.C.A. § 688, o.r the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C.A. § 901 et seq., and when the question of the applicability of any Federal statutes to the case was presented to the Court it was his understanding that the applicable statute was the Louisiana one and that there then was no real dispute between the parties in that connection. It was further averred that as a .result of the accident Carpenter had been totally and permanently disabled and that the purported compromise was therefore void as being a prohibited lump sum settlement. There were no allegations whatever of fraud and, indeed, it-was specifically set forth that neither the attorney appointed by the Court nor the Court itself “was in any way remiss-.”
In response to the motion a rule was issued to show cause why the rehearing should not be granted. Following the hearing on the rule judgment was rendered recalling the rule and confirming the validity of the judgment previously .rendered. Carpenter has appealed.
Compromises of compensation claims are authorized by LSA-R.S. 23:1271 which reads as follows:
“Whenever a bona fide dispute exists between the employee or his dependents on the one hand, and the employer or his insurer on the other, as to liability or coverage under this Chapter, whether the injuries complained of are com-pensable, the existence, nature, extent or duration of the injury or disability involved, the amount of compensation due the injured employee, or his dependents, or any other matter or thing affecting the right of the claimant to recover compensation hereunder, the interested parties shall have the right to compromise and settle such bona fide dispute, including the manner in which compensation is to be paid, by agreement to be approved by the court having jurisdiction in the parish of the domicile or principal place of business of the defendant, or in the parish *318 where the accident occurred, or in the parish of the domicile of the employee or his dependents, at the option of the employee, or his dependents.”
The pertinent articles of the petition dealing with the existence of a bona fide dispute are as follows:
“III
“The employee further contends that as a .result of the said accident, he was examined by Dr. William Louis Meule-man and treated by him, and Dr. Rufus Alldredge of New Orleans, and as a result of the said examinations, the doctors diagnosed an injury to the meniscus ligament of the knee and recommended an operation. That an operation was performed by Dr. Rufus Alldredge on the knee, which operation was successful.
“IV
“The employee contends that even though said operation was performed, he is still suffering disability to such an extent that he cannot properly perform his usual and customary work and, therefore, he is entitled to continuing compensation for an indefinite period subject to the maximum of four hundred (400) weeks.
“V
“The employer and its insurer deny the contentions of the employee as aforesaid and, on the contrary, contend that the employee has received all of the compensation to which he could be entitled. The employer and its insurer expressly contend that the employee is able to return to his usual and customary work and to perform the same without difficulty.
"VI
“And in the alternative and only in the event it should be found that the employee is still suffering disability as a result of the said accident, then and in that event the employer and its insurer expressly aver that the employee is suffering a maximum of Twenty-five (25%) percent disability to the left leg, and that the said employee has received compensation in excess of this amount and would be entitled to no further compensation of any kind, all as is more fully shown by the report of Dr. Rufus Alldredge, a copy of which is annexed hereto and made part hereof.
“VIII
“All of the parties expressly aver that there are serious disputes existing between them as to (1) whether the employee is disabled and unable to perform his usual and customary work, (2) the degree of disability, if any, (3) whether the employee was engaged in any Maritime work of any kind which would bring him under any of the Admiralty Laws of the United States, (4) whether there was any negligence of any kind on the part of the employer, and (5) whether the employee is entitled to any further compensation of any kind than that already paid.
“IX
“The employee further contends that at the time of the accident he was working on East Calcasieu Lake, which was navigable, and, therefore, that he would be covered by the Federal Maritime and Admiralty Laws with particular reference to the Jones Act and would have a separate cause of action for damages because of the negligence of the employer.
“X
“The employer and its insurer deny the contentions of the employee in the paragraph immediately preceding, and, on the contrary, expressly aver that there was no negligence of any kind or character on the part of the employer and specifically deny that the employee *319 was engaged in any work connected with navigation or navigable waters which would bring him under any of the Admiralty • Laws of the United States, or any other law whatsoever, except the Workmen’s Compensation Laws of the State of Louisiana.
"XI
“The employee here declares that he expressly elects to come under the Workmen’s Compensation Laws of the State of Louisiana and to make this settlement in full, final and complete settlement of all claims of whatsoever kind or character which he may have under any laws of any kind whatsoever.”
The record shows that in response to a question raised by Carpenter himself Mr. Edgar S. Mouton, Jr., the attorney appointed by the Court to represent him, advised that there was a possibility that the case might come under the Jones Act and that recovery thereunder would entitle him to greater compensation benefits but that negligence would have to be shown in order to recover. He was advised further that all rights which he may have had under the Jones Act would be waived by executing the settlement in question.
The question of the applicability of Federal Statutes was again raised before the trial judge who declined to express an opinion on the subject but who thoroughly advised Carpenter that the matter could be delayed for further consideration by him and, further in order for him to hire an attorney if he so desired.
The record makes it clear that not only was the question with respect to Federal Law .raised once, but on several occasions. On each such occasion Carpenter was advised that it was not certain which remedy was available to him and he was further advised that a settlement under the Louisiana Statute would be final. We are impressed with the complete fairness which was exhibited not only by his attorney and the trial judge but by the attorney representing appellees as well.
There is no question in our minds but that this is just the type of situation for which LSA-R.S. 23:1271 was designed to cover. There were serious questions presented, first, as to whether any Federal Statute applied, secondly, if so which, and, third, if a Federal Statute was applicable at all were the facts such that Carpenter could reasonably expect to recover thereunder.
LSA-R.S. 23:1273 provides that no judgment entered into pursuant to LSA-R.S. 23:1271 can be set aside except for “fraud or misrepresentation made or induced by the employer or his insurer.” The allegations of the motion and the record both show a complete absence of either fraud or misrepresentation on the part of anyone.
We might point out further that the record as made up does not show that plaintiff is totally and permanently injured as he now claims to be. The medical report attached to the petition shows a 25% permanent partial disability of the leg but it definitely does not show him to be totally disabled and, therefore, the claim that the compromise was a prohibited lump sum settlement must, therefore, fall.
Appellant has filed in this Court a motion to remand the matter for the production of evidence to show that at the time of the accident he was employed as a seaman and the exact nature, location and circumstances of and surrounding the injury and employment. We have pointed out above the existence of the bona fide dispute as to whether the Louisiana act applied and the allegations of this petition and the affidavit attached only points out more sharply the seriousness of the dispute and, therefore, the validity of the compromise entered into as a result thereof. To remand the case would be to allow the Lower Court to decide the merits of the very *320 disputes that the compromise sought to put at rest.
For the .reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.